IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM J. KARLOFF                        : | |
|         Petitioner,                    : | |
| : | |
| v.                                        : | Civ. No. 15-6457 |
| : | |
| CYNTHIA LINK, et al.,          : | |
|         Respondents.            : | |

## O R D E R

On December 4, 2015, state prisoner Adam J. Karloff, proceeding *pro se*, sought habeas relief, challenging his reincarceration for violating parole. (Doc. No. 1.) The Commonwealth Respondents have asked me to dismiss the Petition as moot. (Doc. No. 10.) I referred the matter to Magistrate Judge Hart, who has recommended denying relief because the Petition has been rendered moot by Petitioner's release from custody. (Doc. No. 11.)

No objections to the Report and Recommendation have been raised. (Doc. No. 12.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made).

Having reviewed the Report, I see no clear errors. As Judge Hart found, on March 3, 2016, Petitioner finished serving the term imposed on him for the parole violation and so was released from prison. Petitioner has alleged no collateral consequences from the violation determination. Accordingly, the Petition is moot. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (habeas petition becomes moot upon release unless former prisoner can demonstrate some persisting "collateral consequence" that is "likely to be redressed by a favorable judicial decision"); Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) ("After a petitioner's release

from custody, we consider his habeas case moot unless he 'can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand.'"). Indeed, as in, Spencer, Petitioner has attacked only his reincarceration for a parole violation. Id. at 8 ("The reincarceration that [petitioner] incurred as a result of that action is now over, and cannot be undone."). I thus need not presume collateral consequences. Id. at 7; Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009). Accordingly, I will adopt Judge Hart's Recommendation, grant the Commonwealth's Motion to Dismiss, and deny the Petition as moot.

\* \* \*

**AND NOW**, this 27th day of June, 2016, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus (Doc. No. 1), the Commonwealth's Motion to Dismiss (Doc. No. 10), and after review of Judge Hart's Report and Recommendation (Doc. No. 11), it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED as moot**;
2. The Commonwealth's Motion to Dismiss the Petition (Doc. No. 10) is **GRANTED;**
3. The Magistrate Judge's Report and Recommendation (Doc. No. 11) is **APPROVED AND ADOPTED**;
4. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.
5. The Clerk shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.